E-FILED
Tuesday, 28 April, 2026  10:29:19 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KATRINA WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-3365 |
| | ) | |
| HENZE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MERIT REVIEW ORDER</u>**

Plaintiff, proceeding pro se and presently incarcerated at Logan Correctional Center, was granted leave to proceed *in forma pauperis*. As a threshold matter, Plaintiff's Motion for Leave to File Amended Complaint (Doc. 12) is granted. Fed. Civ. P. 15. Plaintiff's previously filed motion (Doc. 6), seeking the same relief, is denied as moot.

The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

The Seventh Circuit has recommended that district courts resolve whether joinder is proper under Fed. R. Civ. P. 20 before considering the merits of a plaintiff's claims. *Dorsey v.*

*Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022). Prison officials may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and the litigation presents "a question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2).

District courts have "considerable flexibility in managing and structuring civil litigation for fair and efficient resolution of complex disputes." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). A court "may deny joinder under [Fed. R. Civ. P. 20] if the addition of the party…will not foster the objectives of the rule, but will result in prejudice, expense, or delay." Id. (quotations omitted).

Plaintiff alleges eight different claims, each occurring on different dates and involving issues including failure-to-protect, deliberate indifference to a serious medical need, inhumane conditions of confinement, excessive force, and strip searches. The claims Plaintiff alleges involve different defendants and different factual situations.

The Court finds that joinder of these claims into one lawsuit is not appropriate. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) ("[D]istrict courts should not allow inmates to flout the rules for joining claims and defendants…or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint.").

Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify her allegations, to tell the Court on which claim she would like to proceed in this lawsuit, and to provide any additional information she desires the Court to

consider. *Dorsey*, 55 F.4th at 1107 ("We suggest a district court faced with misjoined claims begin…by striking the complaint, explaining the misjoinder, and giving the plaintiff at least one chance to fix the problem.").

### Plaintiff's Motion to Request Counsel (Doc. 7)

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that she made a reasonable effort to obtain counsel on her own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Her unsubstantiated statements that she wrote lawyers is not sufficient. *Balle v. Kennedy*, 73 F.4th 545, 559-60 (7th Cir. 2023); *Tackett v. Jess*, 853 F. App'x 11, 16-17 (7th Cir. 2021). Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motion is denied with leave to renew.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File Amended Complaint [12] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

2) **Plaintiff's amended complaint is dismissed pursuant to Fed. R. Civ. P. 20. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

3) **Clerk is directed to send Plaintiff a blank complaint form.**

4) **Plaintiff's Motion [6] is DENIED as moot.**

5) **Plaintiff's Motion [7] is DENIED with leave to renew.**

Entered this 28th day of April, 2026.


*s/Sara Darrow*

SARA DARROW
UNITED STATES DISTRICT JUDGE